UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

PATRICK RICHARD,

                  Plaintiff,

      v.

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                  Defendant.

**MEMORANDUM & ORDER**
16-CV-957 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Patrick Richard, proceeding pro se, commenced the above-captioned action on February 25, 2016, against Defendant the New York City Department of Education (the "DOE"). (Compl., Docket Entry No. 1.)  On September 15, 2022, the Court granted Defendant's motion for summary judgment, dismissed the Third Amended Complaint ("TAC") in its entirety, and granted Plaintiff leave to file a Fourth Amended Complaint alleging claims of failure to promote him to several positions based on his race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL").  (Mem. & Order dated Sept. 15, 2022, Docket Entry No. 160.)

Currently before the Court are Plaintiff's requests to subpoena the Equal Employment Opportunity Commission (the "EEOC") and to appoint counsel.  (Letter dated June 24, 2020, Docket Entry No. 153.)  For the reasons discussed below, the Court denies Plaintiff's requests.

## I.   Background

On June 24, 2020, Plaintiff filed a request to (1) subpoena "the EEOC and [r]elevant [o]rganizations for [r]eports of [i]nvestigations and recommendations to [Defendant] [p]ertaining to [t]his [c]ase and [a]nti-[r]acism," (2) preserve his right to a proper EEOC investigation following his October 30, 2019 termination, and (3) obtain legal representation.  (Letter dated June 24, 2020.)  On July 2, 2020, the Court denied Plaintiff's application to preserve his right to a proper EEOC investigation and directed him to take all necessary action to separately pursue any claims not identified in the TAC; the Court also deferred ruling on Plaintiff's applications to subpoena the EEOC and to obtain counsel.  (Order dated July 2, 2020.)

### a.   Subpoena request

The Court denies without prejudice Plaintiff's request for a subpoena.  As an initial matter, Plaintiff failed to comply with Rule 45 of the Federal Rules of Civil Procedure, which requires Plaintiff to direct his request to the Clerk of Court.  *See Pietsch v. Marcantonio*, No. 13-CV-4696, 2016 WL 1069656, at *4 (E.D.N.Y. Mar. 16, 2016) (denying pro se plaintiff's request for subpoena because the plaintiff did "not request[] that the Clerk issue a subpoena nor . . . annex[] the subpoenas to his applications" and noting that "[s]ubpoenas directed to non-parties are governed by Rule 45," which provides that "the Clerk of the Court shall issue a signed but blank subpoena to the party requesting it, who is responsible for completing the subpoena for service"); *Hassan v. Town of Brookhaven*, No. 13-CV-4544, 2015 WL 3455108, at *4 (E.D.N.Y. May 29, 2015) (denying pro se plaintiff's request to subpoena nonparty where the plaintiff did "not explain[] what efforts, if any, he . . . made to contact the [nonparty] to obtain these records, the result of those efforts, or specifically why a subpoena is needed to achieve their production" and did "not claim to have consulted Rule 45 prior to making the instant motion, or [to have]

complied with any of the requirements or procedures set forth therein for issuing a subpoena");

*see also Cunningham v. Channer, LLC*, No. 17-CV-1305, 2018 WL 4620391, at *3 (W.D.N.Y.

Sept. 26, 2018) (noting that "in the future, [the pro se plaintiff] should request subpoenas directly

from the Clerk and need not do so through a motion" and "refer[ring] [the plaintiff] to Rule 45(b)

for the rules governing service of subpoenas"); *Amaker v. Zon*, No. 94-CV-843E, 1998 WL

268861, at *1 (W.D.N.Y. May 18, 1998))); *Amaker*, 1998 WL 268861, at *1 (noting that Rule 45

"provides, in pertinent part, that '[t]he clerk shall issue a subpoena, signed but otherwise in

blank, to a party requesting it, who shall complete it before service'" and thus the pro se

plaintiff's "motion for a subpoena will be denied without prejudice to his requesting such from

the Clerk of this Court" (alteration in original)).  In addition, Plaintiff made his request after

discovery closed and Defendant's summary judgment motion was fully briefed, and his request

to subpoena "all appropriate reports and documents pertaining to investigations done and

recommendations issued to [Defendant] by the EEOC or other organizations pertaining [to his]

complaints and related issues of harassment and discrimination for the length of this case,"

(Letter dated June 24, 2020), is overly broad and clearly designed for discovery.  *United States*

*ex rel. Lee v. N. Metro. Found. for Healthcare, Inc.*, No. 13-CV-4933, 2021 WL 3634765, at *5

(E.D.N.Y. Aug. 16, 2021) ("A party may not employ Rule 45 to seek documents after the close

of discovery where 'the scope of the request is broad and clearly is designed for discovery, not

last-minute trial needs (such as for originals of documents where copies were produced in

discovery and there is a need for the original at trial).'" (quoting *Dodson v. CBS Broad., Inc.*, No.

02-CV-9270, 2005 WL 3177723, at *2 (S.D.N.Y. Nov. 29, 2005))).  To the extent Plaintiff

wishes to subpoena a nonparty for documents relevant to the claims for which the Court has

granted leave to amend, he may do so by following the procedures outlined in Rule 45.

### b. Request to appoint counsel

The Court also denies without prejudice Plaintiff's request to appoint counsel. There is no right to pro bono counsel in a civil case. *See Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). However, the Court may request that an attorney volunteer to serve as counsel and looks to a number of factors to determine whether it is appropriate to request a volunteer attorney for a particular case. *See Ferelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)). The first consideration, and threshold requirement, is whether the movant's position is "likely to be of substance." *Id.* at 204. Plaintiff has not met the threshold requirement of establishing that his position is "likely to be of substance." *Id.*

Accordingly, the Court denies without prejudice Plaintiff's request to appoint pro bono counsel.

## II. Conclusion

For the foregoing reasons, the Court denies without prejudice Plaintiff's requests to subpoena the EEOC and to appoint pro bono counsel.

Dated: September 15, 2022
      Brooklyn, New York

SO ORDERED:

s/ MKB

_____

MARGO K. BRODIE
United States District Judge