UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICK RICHARD,

                                    Plaintiff,

        - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                  Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

16 CV 957 (NRM) (CLP)

**POLLAK**, United States Magistrate Judge:

       On February 25, 2016, plaintiff Patrick Richard commenced this action against defendant New York City Department of Education ("DOE" or "defendant"), alleging employment discrimination on the basis of race, color, and national origin. (Compl.[1]). Plaintiff has been proceeding *pro se* since October 2016. Currently pending before this Court on referral from the Honorable Nina R. Morrison, United States District Judge, is defendant's motion to dismiss plaintiff's Fourth Amended Complaint. For the reasons set forth below, it is respectfully recommended that defendant's motion be denied.

PROCEDURAL BACKGROUND

       On January 2, 2014, plaintiff, an employee with the DOE, filed a complaint of discrimination with defendant's Office of Equal Opportunity; the complaint form had several sections blank and did not include details regarding any alleged acts of discrimination. (Sum. Judg. Order[2] at 5; ECF No. 144-17). He then filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 16, 2015, and he filed an amended charge on

---

[1] Citations to "Compl." refer to plaintiff's Complaint filed February 25, 2016 (ECF No. 1).
[2] Citations to "Sum. Judg. Order" refer to the District Court's Order granting summary judgment filed on September 15, 2022 (ECF No. 160).

February 20, 2015, containing allegations of discrimination and retaliation. (Sum. Judg. Order at 5; ECF No. 144-18). He was issued a right to sue letter on December 16, 2015 (Compl. at 51), and commenced this action on February 25, 2016.

Following the filing of the initial Complaint, plaintiff filed an Amended Complaint on March 7, 2016. (ECF No. 5). By Memorandum and Order dated March 31, 2017, the District Court granted in part and denied in part defendant's motion to dismiss the Amended Complaint, allowing the action to proceed only with respect to plaintiff's retaliation and failure to promote claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), based on conduct on or after March 19, 2014.[3] (ECF No. 52 at 48). The District Court also gave plaintiff thirty (30) days to file an amended complaint to allege a disparate-pay claim. (Id.)

Plaintiff then filed a second EEOC Charge on April 17, 2017 (ECF No. 144-19),[4] and filed a Second Amended Complaint ("SAC") on June 12, 2017. (ECF No 58). During a pre-motion conference held on October 4, 2017, the District Court *sua sponte* dismissed the defamation claim in plaintiff's Second Amended Complaint and indicated that many of the other claims had been previously dismissed. (Sum. Judg. Order at 7; Minute Entry, dated 10/4/2017).

Plaintiff then filed a Third Amended Complaint on April 13, 2018, consisting of 352 paragraphs, with the first 239 being almost identical to the same paragraphs in plaintiff's Second Amended Complaint. (ECF No. 90). On November 8, 2019, defendant requested a pre-motion conference or a briefing schedule for a summary judgment motion seeking dismissal of the Third

---

[3] The court dismissed as time-barred plaintiff's Title VII claims occurring before March 19, 2014, and dismissed his discrimination, hostile work environment, constructive discharge, and disparate pay claims for failure to state a claim; the state law claims were dismissed for failure to file a notice of claim. (ECF No. 52 at 25-27, 48).
[4] Plaintiff received his right to sue letter on March 1, 2018. (ECF No. 144-19).

2

Amended Complaint. (ECF No. 128). The District Court adopted defendant's proposed briefing schedule. (Order dated 11/12/2019).

On November 26, 2019, plaintiff requested leave to file a Fourth Amended Complaint. (ECF No. 130). The District Court then directed plaintiff to file his proposed Fourth Amended Complaint ("FAC") on or before December 16, 2019, and set a briefing schedule regarding the proposed amendment. (Order dated 12/2/2019). The proposed Fourth Amended Complaint was filed on December 13, 2019. (ECF No. 133). On March 29, 2021, plaintiff again requested leave to file a new proposed Fourth Amended Complaint and included a right to sue letter from February 2021. (ECF No. 155). The District Court Judge[5] indicated that she would consider plaintiff's motion for leave to file a new proposed Fourth Amended Complaint when she considered the defendant's motion for summary judgment. (Order dated 4/1/2021).

On September 15, 2022, the District Court granted summary judgment in favor of defendant, dismissing the Third Amended Complaint in its entirety. (Sum. Judg. Order at 88). At that time, the District Court also gave plaintiff leave to file his proposed Fourth Amended Complaint limited to Title VII, New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") claims for failure to promote in connection with four positions: 1) Chief Technology Officer, which plaintiff allegedly applied for on or about July 25, 2018; 2) Chief Product Officer, which plaintiff allegedly applied for on or about October 19, 2018; 3) Chief Information Officer, which plaintiff allegedly applied for on or about April 3, 2019; and 4) Director of Network Infrastructure Deployment Services, which plaintiff allegedly applied for on or about June 14, 2019. (Id. at 15, 81-83).

---

[5] The case was originally assigned to the Honorable Chief Judge Margo K. Brodie, but was reassigned to the Honorable Nina R. Morrison on November 28, 2022. (Docket Entry dated 11/28/2022).

Thereafter, on December 5, 2022, plaintiff filed his Fourth Amended Complaint, consisting of more than 400 paragraphs, many of which are similar to or identical to the content of the Third Amended Complaint, with the exception of paragraphs 174a through 174e, and paragraphs 336a through 336ar. (ECF No. 170). Plaintiff includes three exhibits with the Fourth Amended Complaint: Exhibit A is comprised of three EEOC right to sue letters; Exhibit B is an EEOC Charge of Discrimination from August 2020; and Exhibit C is an update to plaintiff's Notice of Claim, dated December 13, 2019. (Id.) Defendant now moves to dismiss the Fourth Amended Complaint in its entirety.

## FACTUAL BACKGROUND[6]

Plaintiff was hired by the DOE in 1991, and worked for the DOE until October 30, 2019, when he resigned from his position. (FAC[7] ¶ 3). Plaintiff alleges that during the period of his employment, he was denied numerous promotions[8] based on his race, color and national origin. (Sum. Judg. Order at 9-15). Plaintiff also alleges various acts of retaliation, disparate pay claims, violations of his First Amendment rights when asked to refrain from sending non-work related emails during work hours, and violations of his Fourth Amendment rights and his right to due process; these claims have been dismissed. (FAC; Sum. Judg. Order at 15-18, 88).

On April 9, 2019, while this case was pending, the Special Commissioner of Investigation for the New York City School District concluded, after investigation, that plaintiff had falsified certain payroll hours, and recommended that disciplinary charges be brought. (Sum. Judg. Order at 18-19). On advice of counsel, plaintiff resigned from the DOE effective

---

[6] The facts underlying plaintiff's claims are set forth in detail in Judge Brodie's extensive Memorandum and Order, filed September 15, 2022, (Sum. Judg. Order), and are incorporated by reference herein. This Court refers only to those facts necessary to analyze the current motion to dismiss.
[7] Citations to "FAC" refer to plaintiff's Fourth Amended Complaint filed on December 5, 2022 (ECF No. 170).
[8] The District Court has outlined the various applications for positions that plaintiff claims he applied for and was denied beginning in May 2014. (Sum. Judg. Order at 9-15).

4

January 3, 2020. (Id. at 19). At the time of his resignation, plaintiff was working in the Division of Instructional and Information Technology ("DIIT"), where he held the job title of "senior project manager." (Id.; ECF No. 145 ¶¶ 21, 22; ECF No. 144-25). In that position, plaintiff was responsible for overseeing outside vendors in the installation, maintenance, troubleshooting, and setting up of hardware and software related to telephone systems in DOE schools. (Sum. Judg. Order at 19-20).

In the Fourth Amended Complaint, plaintiff alleges that he was denied promotions in 2018 and 2019, because of his race, color and national origin. (FAC ¶¶ 336o-336ae8). These include his claims that he was denied a promotion to the position of Chief Technology Officer in 2018; that he was denied a position as Chief Product Officer in 2018; that he was denied a promotion to the position of Chief Information Officer in 2019; and that he was denied a promotion to the position of Director of Network Infrastructure Deployment Services in 2019. (Id.)

In her Memorandum and Order of September 15, 2022, Chief Judge Brodie allowed these four claims to proceed, finding that the defendant had made no showing of prejudice or bad faith. (Sum. Judg. Order at 81). She also declined to dismiss the claims on procedural grounds for failure to exhaust administrative remedies, noting that plaintiff had filed a new right to sue letter issued by the EEOC on February 12, 2021, after the alleged failures to promote took place, and, although plaintiff had not included the underlying EEOC charge associated with the new right to sue letter, the court found that it "may contain Plaintiff's additional failure to promote allegations."[9] (Id.) Judge Brodie also noted that plaintiff had filed a December 13, 2019, update

---

[9] Plaintiff attached the EEOC charge underlying the February 2021 right to sue letter as Exhibit B to his Fourth Amended Complaint. The charge, dated August 20, 2020, states "I have been ostracized and blackballed such that I was denied opportunities for advancement into some 22+ positions I applied for recently. . . in June 2019 I applied for the Director, Network Infrastructure Deployment position for which I was given an interview on July 12, 2019. I

to his notice of claim, which included the four failure to promote claims, and therefore allowed plaintiff to allege these claims under state law in his amended complaint. (Id.)

Defendant now moves to dismiss the Fourth Amended Complaint to the extent that it reasserts claims already dismissed by the court, and to dismiss the four remaining failure to promote claims on the grounds that plaintiff has failed to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6).

DISCUSSION

I. Previously Dismissed Claims

The District Court's summary judgment opinion makes clear that the Third Amended Complaint was dismissed in its entirety and that although plaintiff was granted leave to file a Fourth Amended Complaint, that complaint should only include the four specified failure to promote claims, and not the claims the Court had dismissed. (Sum. Judg. Order at 88). Defendant notes that, despite this directive, plaintiff's Fourth Amended Complaint is extremely similar to the Third Amended Complaint and includes many claims that have been dismissed. (Def.'s Mem.[10] at 8-9). Defendant therefore requests that the Fourth Amended Complaint be dismissed for failure to conform to Federal Rules of Civil Procedure 8(a) and 10(b), which require concise pleadings. (Id. (citing cases)). In response, plaintiff argues that allegations in the

---

was not promoted to the position. . . The job was given to someone of lesser qualifications and experience than me, as I learned on October 28, 2019." (FAC, Ex. B). Plaintiff has therefore clearly exhausted his failure to promote claim with respect to the Director, Network Infrastructure Deployment position. Plaintiff does not specifically name in the EEOC charge the other three positions for which he brings failure to promote claims. Plaintiff also has not indicated whether he became aware of those failures to promote within the 300 days prior to filing the EEOC charge or within one year prior to filing the notice of claim update. However, defendant does not raise these issues in its motion. In light of plaintiff's *pro se* status, and given that exhaustion is not contested and the three unnamed failure to promote claims could be considered "reasonably related" to the claims in the EEOC charge, by falling within the scope of the EEOC's investigation, see Williams v. N.Y.C. Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006), the Court declines to recommend dismissal on these procedural grounds.

[10] Citations to "Def.'s Mem." refer to defendant's Memorandum of Law in Support of Its Motion to Dismiss the Fourth Amended Complaint, filed on April 14, 2023 (ECF No. 179).

6

Fourth Amended Complaint that do not relate to the four failure to promote claims add context to the claims and remain relevant while plaintiff's motion for reconsideration of the summary judgment order is pending.[11]  (Pl.'s Opp.[12] at 20).

It is clear that plaintiff continues to include many factual allegations in the Fourth Amended Complaint that relate largely to the prior claims that have been dismissed by the District Court, and thus is not a succinct pleading as required by the Federal Rules and as directed by the District Court.  In light of plaintiff's *pro se* status, the Court declines to recommend dismissal of the Fourth Amended Complaint in its entirety for this reason.  However, to the extent that the Fourth Amended Complaint continues to assert claims and causes of action other than the four failure to promote claims, this Court respectfully recommends that those claims be struck, based on the District Court's prior decision dismissing those claims.

II.     Legal Standard for Failure to State a Claim

Defendant also moves to dismiss plaintiff's failure to promote claims, arguing that they fail to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Under Rule 12(b)(6) the Court must determine whether the plaintiff has "state[d] a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff.  DiFolco v. MSNBC Cable, LLC, 622 F.3d 104, 110-111 (2d Cir. 2010).

To survive a motion to dismiss, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'"  Biro v. Conde Nast, 807 F.3d 541, 544 (2d Cir. 2015)

---

[11] To the extent that any motion for reconsideration is outstanding, it has not been referred to the undersigned and is therefore not addressed here.

[12] Citations to "Pl.'s Opp." refer to plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Fourth Amended Complaint, filed on April 1, 2023 (ECF No. 175).

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), cert. denied, 578 U.S. 976 (2016). A claim is sufficiently plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not so stringent that the complaint is required to demonstrate probability, nor is it so lax that the complaint may plead only facts that show a mere possibility that plaintiff is entitled to relief or that are merely consistent with a defendant's liability. Bell Atl. Corp. v. Twombly, 550 U.S. at 556-57. Instead, a plaintiff must provide enough factual support that, if true, would "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56 (internal citations and footnote omitted). A court need not, however, accept the truth of legal conclusions or labels couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), and "'bald assertions and conclusions of law will not suffice.'" Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338, 344 (2d Cir. 2006) (quoting Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)).

Ultimately, when the well-pleaded facts allow no more than an inference of a "mere possibility of misconduct" and the plaintiff has only alleged, rather than shown, an entitlement to relief, the federal pleading standard of Rule 8(a)(2) has not been satisfied. Id. at 679. However, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982); accord Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013). Further, "where, as here, a plaintiff proceeds pro se, his pleadings 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Shider v. Allied Universal Sec. Co., No. 21 CV 6425, 2023 WL 2652280, at *2

8

(E.D.N.Y. Mar. 27, 2023) (quoting Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013)). "A pro se complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Boykin v. KeyCorp., 521 F.3d 202, 213-14 (2d Cir. 2008)).

### III. Failure to Promote Claims

#### A. Legal Standard

"In order to establish a prima facie case of discriminatory failure to promote in violation of Title VII. . . a plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for the promotion for which he applied, (3) he was denied the promotion, and (4) the denial occurred under circumstances giving rise to an inference of discrimination. . . ." Duckett v. Foxx, 672 F. App'x 45, 47 (2d Cir. 2016) (summary order). The same elements apply to failure to promote claims under the NYSHRL and NYCHRL. Lashley v. New York Univ., No. 22 CV 1054, 2023 WL 6385724, at *4 (E.D.N.Y. Sept. 29, 2023). To survive a motion to dismiss, however, a plaintiff must only "give plausible support" for these elements. Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).

With respect to the second prong, "a plaintiff must set forth the responsibilities of the position as well as her or his skills applicable to the position." Smith v. Factory Direct Enterprises LLC, No. 18 CV 3463, 2019 WL 4221059, at *6 (E.D.N.Y. Sept. 5, 2019) (citing Mendelsohn v. Univ. Hosp., 178 F. Supp. 2d 323, 328 (E.D.N.Y. 2002)). Absent "factual details about the qualifications associated with the jobs [plaintiff] applied for. . . the Court is left to speculate whether [plaintiff] was even qualified." Riddle v. Citigroup, No. 13 CV 6833, 2014 WL 2767180, at *3 (S.D.N.Y. May 29, 2014), aff'd, 640 F. App'x 77 (2d Cir. 2016). A plaintiff must also provide "sufficient details regarding her background, education, or qualifications"

relevant to the position. Harvin v. Manhattan & Bronx Surface Transit Operating Auth., No. 14 CV 5125, 2016 WL 11318241, at *8 (E.D.N.Y. Mar. 3, 2016), report and recommendation adopted, 2018 WL 1603872 (E.D.N.Y. Mar. 30, 2018), aff'd, 767 F. App'x 123 (2d Cir. 2019). This information is required to determine if "one could infer that the plaintiff was qualified for that position." Mendelsohn v. Univ. Hosp., 178 F. Supp. 2d at 328-29.

For the fourth prong, a plaintiff "need only give plausible support to a minimal inference of discriminatory motivation." Littlejohn v. City of New York, 795 F.3d at 311. Such an inference "may be supported at this stage by showing more favorable treatment of an employee not in the plaintiff's protected class." Pollock v. Shea, 568 F. Supp. 3d 500, 509 (S.D.N.Y. 2021).

  B. Analysis

Looking to the allegations in the Fourth Amended Complaint, with respect to the first element, plaintiff adequately alleges that he is a member of a protected class because of his race, color, and national origin. (FAC ¶ 16). With respect to plaintiff's qualifications, plaintiff states that he holds a bachelor's degree in electrical engineering, and a master's degree in education technology. (Id. ¶ 336ae7). Plaintiff also provides extensive information regarding his work experience, including that he "began serving the schools through Defendant since 1991 as a Project Manager [and] became a permanent civil servant under the New York City Civil Service System title of Telecommunications Specialist-Voice in 1996." (Id. ¶ 3). Plaintiff contends that he "remained a Project Manager with Defendant until he resigned on October 30, 2019." (Id.)

Plaintiff does not provide specific details regarding the qualifications for each position; however, he states that for each position he had "*more* education and experience than what the job posting called for." (Id. ¶¶ 366o2, 336p2, 336t2, 336ae1) (emphasis added). For the

10

Network Infrastructure Deployment position, plaintiff explicitly alleges that the job specifications called for a college degree, which he holds, and that defendant found him qualified because they interviewed him for the position. (Id. ¶¶ 336ae2, 336ae7).

The Court finds the information provided sufficient to support the allegation that plaintiff was qualified for the four positions under the liberal construction afforded the pleadings of *pro se* plaintiffs. Unlike in Mendelsohn v. Univ. Hosp., 178 F. Supp. 2d at 328-29, where plaintiff listed some of his education and work experience but provided no comparison of this information to the qualification requirements of the job he applied to, here plaintiff states his qualifications *and* alleges that they exceeded both the education requirements and the experience requirements of each position. Therefore, plaintiff has alleged facts that permit an inference that plaintiff was qualified.

As for the third and fourth prongs of the test, plaintiff alleges that he was denied each of the promotions (id. ¶¶ 336o4, 336p4, 336t4, 336ae6), and that three of the positions were given to white candidates. (Id. ¶¶ 336o4, 336p4, 336t4). Plaintiff further alleges that all of the positions were given to less qualified candidates. (Id. ¶¶ 336o4, 336p4, 336t4, 336ae6). In addition to the alleged pattern of defendant hiring white and comparatively less qualified candidates, plaintiff's Fourth Amended Complaint also provides a larger narrative account alleging defendant's disparate treatment of black employees. (See, e.g., id. ¶¶ 142, 212). In total, these allegations are sufficient to meet the "minimal" burden of establishing an inference of discrimination. Littlejohn v. City of New York, 795 F.3d at 313.

In seeking to dismiss plaintiff's Fourth Amended Complaint, defendant argues that "plaintiff has not—and cannot—plausibly plead any facts establishing the second and fourth prongs of his prima facie case." (Def.'s Mem. at 11). Specifically, defendant contends that the

11

Fourth Amended Complaint does not contain sufficiently detailed facts regarding plaintiff's credentials, let alone demonstrate that his credentials were superior to those of the chosen candidates.  (Id.)  For each position, defendant details the qualifications of the selected applicant and argues that, in each instance, their qualifications exceed those of plaintiff.  (Id. at 11-12).

Defendant has provided an affidavit with attachments setting forth the credentials of the plaintiff and each of the selected applicants and argues that in ruling on the motion to dismiss, the Court should consider these credentials.   (Def.'s Mem. at 11; see Brown Aff.[13]). Specifically, the documents provided are: (1) a spreadsheet of the job descriptions for each position, although the Court notes that the descriptions appear to be cut short in the PDF (ECF No. 178-1); (2) resumes and cover letters from Mr. Richard and the selected applicants for the four positions (ECF Nos. 178-2, 178-3, 178-4, 178-5); and (3) a full position description for the Director of Network Infrastructure Deployment Services position, along with interview rating forms for that position for Mr. Richard and the selected applicant (ECF No. 178-5).

In considering a motion to dismiss, courts may take into account the following categories of documents:

> (1) facts alleged in the complaint and documents attached
>  to it or incorporated in it by reference,
> (2) documents "integral" to the complaint and relied upon in
> it, even if not attached or incorporated by reference, [and]
> (3) documents or information contained in defendant's
> motion papers if plaintiff has knowledge or possession of the material and
> relied on it in framing the complaint . . . .

In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal footnotes omitted), aff'd sub nom. Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161 (2d Cir. 2005), cert.

---

[13] Citations to "Brown Aff." refer to the Declaration of Assistant Corporation Counsel Kimberly K. Brown in Support of Defendant's Motion to Dismiss, filed April 14, 2023 (ECF No. 178).

12

denied, 546 U.S. 935 (2005); see also Van Bourgondien-Langeveld v. Van Bourgondien, No. 10 CV 77, 2010 WL 5464890, at *3 (E.D.N.Y. Dec. 29, 2010) (quoting same).

With respect to the third category of documents that a court may consider – "documents or information contained in defendant's motion papers" – the Second Circuit has explained that such documents may be considered "when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint." Cortec Indus., Inc. v. Sum Holding L.P., 949 F. 2d 42, 47 (2d Cir. 1991). In those circumstances, "the defendant may produce the [document] when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure." Id. When the defendant attaches documents to its motion papers that plaintiff had notice of and that plaintiff relied on when creating the complaint, the concerns which motivate converting a Rule 12(b)(6) motion into a Rule 56 motion are "largely dissipated." Id. at 48.

In support of its argument that this Court should rely on its affidavit and exhibits, defendant argues that the "credentials are specifically mentioned in the Fourth Amended Complaint (¶¶ 336o1-336o2, 336o4, 336p1-336p2, 336p4, 336t1-336t2, 336t4, 336ae-336ae3, 336ae6-336ae7), are in plaintiff's possession and are integral to the Fourth Amended Complaint." (Def.'s Mem. at 11). Plaintiff, in response, states that he concurs with defendant's "asking the Court to consider those exhibits as the credential[s] of both Plaintiff and the selected applicants because both sets of credentials are specifically mentioned in, and are [an] integral part of, the Fourth Amended Complaint." (Pl.'s Opp. at 27).

Regardless of plaintiff's concurrence with defendant's argument, the Court notes that no evidence has been presented to indicate whether plaintiff possessed these documents at the time

13

he drafted the Fourth Amended Complaint, or relied on them in formulating his claims.  In the absence of any specific reference to these provided qualification materials in the Fourth Amended Complaint, it would be improper for the Court to analyze them in considering a motion to dismiss.  In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d at 356-57.

Even if the Court did consider these materials, however, they are clearly subject to interpretation.  While defendant argues that the documents demonstrate that the applicants selected for the positions were more qualified than plaintiff, plaintiff clearly disagrees even if he suggests we examine this evidence.  On a motion to dismiss, it is not the Court's role to determine issues of disputed fact; the issue is whether plaintiff has stated a plausible claim.

More importantly, consideration of these comparative credentials would not impact the analysis of whether plaintiff has stated failure to promote claims regarding the four positions, because at the motion to dismiss stage, a plaintiff "does not need to show. . . that she was more qualified than [those] who received more favorable treatment." Pollock v. Shea, 568 F. Supp. 3d at 510.  Rather, plaintiff only needs to "give plausible support" for the prima facie elements of a failure to promote claim.  Littlejohn v. City of New York, 795 F.3d at 311.  Thus, to the extent that defendant argues that, based on the documents presented, "plaintiff does not—and cannot—plausibly plead any facts that his credentials were so superior to that of the selected applicants," this argument is misplaced.  (Def.'s Mem. at 11).  Given the allegations set forth in the Fourth Amended Complaint, which set forth facts sufficient to support the necessary elements of a denial of promotion claim, the Court respectfully recommends that the defendant's motion to dismiss be denied.

14

CONCLUSION

For the reasons stated above, the Court respectfully recommends that defendant's motion to dismiss be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: Brooklyn, New York
August 13, 2024

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York